UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07 CR 853 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| ROBERT BRUNT | ) | Violations: |
| TRACEY SCULLARK | ) | Title 18, United States Code, |
| ARMANI D'AIFALLAH | ) | Sections 1341, 1343, and 2 |
| JOHN FARANO | ) | |
| WALTER JACKSON | ) | |
| DOUGLAS BLANCHARD | ) | SUPERSEDING INDICTMENT |

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

## COUNT ONE

**FILED**

The SPECIAL MARCH 2007 GRAND JURY charges:

JUN 1 1 2008

1. At all times material to this indictment:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

a. Defendant ROBERT BRUNT resided at 222 North Columbus Drive, Chicago, Illinois, and was president of Genesis Investment Group, Inc. ("Genesis"), an Illinois corporation located at the same address which purported to engage in the purchase, renovation, and sale of residential properties.

b. In his capacity as president of Genesis, defendant ROBERT BRUNT purchased properties for resale, arranged for renovation of the properties, and located prospective purchasers to buy the properties.

c. Defendant TRACEY SCULLARK worked for Genesis as a sales agent and in this capacity assisted prospective buyers in obtaining financing for the purchase of the

properties by completing the necessary documents and providing the documents to the mortgage broker.

d.      Defendant JOHN FARANO was an attorney licenses to practice law in Illinois, and also did business as Big Dog Holdings, Inc., BD Financial Group and Capital Acquisitions.  In these capacities, defendant FARANO both provided funds to finance the purchase of properties by defendant BRUNT and Genesis, and performed legal services for certain real estate closings involving BRUNT and Genesis.

e.      Defendant ARMANI D'AIFALLAH was employed by Evergreen Mortgage Services as a mortgage broker and secured loans for prospective buyers of properties marketed for sale by Genesis, Company A, and others known to the grand jury.

f.      Defendant WALTER JACKSON did business as Aeris Corporation and provided property appraisals for the properties sold by Genesis, Company A, and others known to the grand jury.

g.      Defendant DOUGLAS BLANCHARD provided property appraisals for properties sold by Genesis.

h.      Individual A, doing business as "Company A," bought and sold residential properties in Chicago, and provided funds to finance the purchase of properties by defendant BRUNT and Genesis.

i.    Wells Fargo Home Mortgage was the mortgage lending division of Wells Fargo Bank, a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

j.    National City Mortgage was the mortgage lending division of National City Bank, a financial institution, the deposits of which were insured by the FDIC.

k.    Chase Manhattan Mortgage Corporation was the mortgage lending division of JP Morgan Chase Bank, a financial institution, the deposits of which were insured by the FDIC.

2.    Beginning in or about January 2002, and continuing until at least December 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH,
JOHN FARANO,
WALTER JACKSON, and
DOUGLAS BLANCHARD,

defendants herein, together with others known and unknown to the grand jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected financial institutions, in that defendants fraudulently obtained mortgage loan proceeds from various banks and mortgage lending institutions, including but not limited to Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, MIT Lending, National City Bank, National City Mortgage, JP Morgan Chase Bank, Manhattan Mortgage Corp., Saxon

Mortgage, American National Bank, and Fremont Investment and Loan ("Lenders"), and which scheme affected purchasers of the properties, in that defendants misrepresented the condition of the properties, caused purchasers to buy properties with loans that they could not afford to repay based on false information and fictitious documents, and in furtherance thereof, used the United States mails, or other interstate carriers, and interstate wire transmissions, which scheme is further described below.

3.    It was part of the scheme that from in or about January 2002, until in or about December 2004, defendants caused to be issued more than $11 million in fraudulent loans, thereby obtaining and causing to be obtained over $4.2 million in mortgage loan proceeds from mortgage lenders for themselves and others known and unknown to the grand jury.

4.    It was further part of the scheme that defendants ROBERT BRUNT, TRACEY SCULLARK, and JOHN FARANO, and Individual A, acquired and caused to be acquired residential properties in Chicago, Illinois, often in economically-depressed areas that were in need of extensive rehabilitation work, with the intent of quickly reselling the properties at grossly fraudulently inflated prices for a profit.

5.    It was further part of the scheme that defendant JOHN FARANO and Individual A provided and caused to be provided the funds to purchase the properties to be resold well knowing that their investment would be repaid through the resale of the properties at fraudulently inflated value.

6.    It was further part of the scheme that defendant ROBERT BRUNT, TRACEY

SCULLARK, and others known and unknown to the grand jury, identified and caused to be

identified, prospective buyers for resale of the properties with promises of "no money down"

and "cash back at closing," along with promises of assistance so that the prospective buyer,

who was often unqualified, could obtain financing for the purchase of the property.

7.    It was further part of the scheme that defendants ROBERT BRUNT and

TRACEY SCULLARK solicited and caused to be solicited prospective buyers by enticing

them with false promises that renovations and repairs would be completed on the properties

prior to the sale.

8.    It was further part of the scheme that defendants convinced some prospective

buyers to purchase multiple "investment" properties, closing on the properties at or near the

same time so that the potential lender for the subsequent mortgage obligation would approve

the mortgage loan without complete or accurate information regarding the prospective

buyers' financial situation and the other pending loan application.

9.    It was further part of the scheme that defendants solicited and caused to be

solicited straw buyers as purchasers who qualified for financing based on false or fraudulent

mortgage loan applications.  These straw buyers either agreed to the use of their identities

for a fee, or in some cases did not know their identities were being used to purchase

properties valued far in excess of the fair market value based upon fraudulent appraisals.

10.    It was further part of the scheme that to induce the prospective buyers to purchase the properties, defendant ROBERT BRUNT performed and caused to be performed cosmetic improvements to disguise the true nature of the property and made false and misleading representations to the prospective buyers that any incomplete renovations or improvements would be finished after the real estate closing.

11.    It was further part of the scheme that defendants ROBERT BRUNT and TRACEY SCULLARK falsely promised prospective buyers that assistance would be provided by obtaining tenants for the properties so that any rent payments received from the tenants could be used to assist the prospective buyer in satisfying the mortgage obligation.

12.    It was further part of the scheme that defendant WALTER JACKSON and others solicited by defendants ROBERT BRUNT and TRACEY SCULLARK prepared and caused to be prepared property appraisal reports that misrepresented the current condition and fair market value of the properties that defendants ROBERT BRUNT and JOHN FARANO, and Individual A, offered for sale.

13.    It was further part of the scheme that defendants WALTER JACKSON and DOUGLAS BLANCHARD completed and caused to be completed property appraisals that falsely represented the properties had been rehabbed and renovated, when in fact, as defendants well knew, the subject properties had not been renovated or had only been partially renovated. The appraisals further falsely represented that the subject properties were comparable in value to other properties that defendants knew to be of a greater value.

6

These false representations were made, in part, to lead the lenders to believe that the subject properties had an inflated value in order to qualify for financing.

14.    It was further part of the scheme that defendants ARMANI D'AIFALLAH and TRACEY SCULLARK submitted and caused to be submitted, loan application packages to lenders containing, among other things, false documents, namely, the loan applications, W-2s, earnings statements, and verifications of deposit, and appraisal reports intended to falsely represent the financial circumstances of the prospective buyers. As defendants and ROBERT BRUNT, TRACEY SCULLARK, ARMANI D'AIFALLAH, WALTER JACKSON, and ROBERT BLANCHARD well knew, lenders would rely on the false documents contained in the loan application packages when making their decisions to issue mortgage loans to the buyers.

15.    It was further part of the scheme that defendants ARMANI D'AIFALLAH and TRACEY SCULLARK provided and caused to be provided false down payment checks to the lenders on behalf of the buyers. The down payment checks were false in that they listed the prospective buyers as remitters, or inflated the amount of prospective buyers contribution to the down payment. As defendants ROBERT BRUNT, TRACEY SCULLARK, and ARMANI D'AIFALLAH well knew, lenders would rely on the amount of the down payment contributed by the prospective buyer when making their decisions to issue mortgage loans.

16.    It was further part of the scheme that at the real estate closing, the buyers signed documents they had never seen at the urging of defendants ROBERT BRUNT,

7

TRACEY SCULLARK, and JOHN FARANO, and Individual A, who promised to and sometimes made several monthly payments on the buyer's mortgage obligation to prevent a first payment default.

17.    It was further part of the scheme that at closings involving Wells Fargo Home Mortgage defendant ARMANI D'AIFALLAH, on behalf of Evergreen Mortgage, acted as an "enhanced broker," that is, pursuant to an agreement with Wells Fargo Home Mortgage, he closed the loan in Evergreen's name, with Wells Fargo Home Mortgage's money, that money being in an account under care, custody, and control of Wells Fargo Bank, N.A., an FDIC-insured financial institution.

18.    It was further a part of the scheme that after the real estate closing, defendant ROBERT BRUNT and Individual A, made mortgage payments for several months so that the real property was resold by defendant ROBERT BRUNT to yet another buyer at an inflated price so that the proceeds could be used, in part, to satisfy the earlier mortgage obligation.

19.    It was further part of the scheme that defendants did conceal and hide and caused to be concealed and hidden acts done in furtherance of the scheme.

20.    On or about September 4, 2002, at Chicago, in the Northern District of Illinois, and elsewhere,

> ROBERT BRUNT,
> TRACEY SCULLARK, and
> ARMANI D'AIFALLAH,

defendants herein, for the purpose of executing the above-described scheme and attempting

to do so, did knowingly cause to be transmitted by means of a wire communication in

interstate commerce, certain signs, signals and sounds, namely: wire transfer instructions sent

by interstate facsimile transmission from Republic Mortgage Insurance Company, Portland,

Oregon, to Wells Fargo Home Mortgage located in Lombard, Illinois, for the purchase of

property located at 1014 South 41st Place, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about September 23, 2003, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH, and
WALTER JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate courier, an envelope containing a check in the amount of $279,382.33 to payoff the previous mortgage on the property located at 704 East Bowen, Chicago, Illinois, which envelope was addressed to

Payoffs, MAC X2501-01D
Wells Fargo Home Mortgage
1 Home Campus
Des Moines, Iowa 50328-0001
UPS Tracking number 1Z6E16910196593170;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about October 1, 2003, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,<br>
TRACEY SCULLARK,<br>
ARMANI D'AIFALLAH,<br>
JOHN FARANO, and<br>
WALTER JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: wire transfer instructions sent by interstate facsimile transmission from MIT Lending New York, New York to Chicago Title located in Hickory Hills, Illinois, for the purchase of property located at 6610 South Marquette, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about October 29, 2004, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH, and
DOUGLAS BLANCHARD,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate courier, an envelope containing mortgage and closing documents for the purchase of property located at 7018 South Rhodes, Chicago, Illinois, which envelope was addressed to

Fremont Investment and Loan
1411 Opus Place, Suite 600
Downers Grove, Illinois 60515
UPS Tracking number 1Z6E16910191882518;

In violation of Title 18, United States Code, Sections 1341 and 2.

12

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about December 18, 2002, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH, and
WALTER JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: a loan approval confirmation sent by interstate facsimile transmission from Wells Fargo Home Mortgage in Minnesota to Evergreen Mortgage located in Chicago, Illinois for the purchase of property located at 1656 South Troy, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about December 23, 2002, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,<br>
TRACEY SCULLARK, and<br>
ARMANI D'AIFALLAH,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by a commercial interstate courier, an envelope containing mortgage and closing documents for the purchase of property located at 2009 West Garfield, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SEVEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

2.    On or about December 19, 2002, at Chicago, in the Northern District of Illinois, and elsewhere

ROBERT BRUNT,
TRACEY SCULLARK, and
ARMANI D'AIFALLAH,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be transmitted by means of a wire communication in interstate commerce, certain signs, signals and sounds, namely: a Federal Emergency Management Agency Standard Flood Hazard Determination sent by interstate internet transmission from First American Flood Data Services in Austin, Texas MIT Lending New York, New York to National City Mortgage in Lombard, Illinois, relating to the purchase of property located at 2009 West Garfield, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

2.      On or about November 25, 2003, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH, and
WALTER JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate courier, an envelope containing mortgage and closing documents for the purchase of property located 210 East 41st Place, Chicago, Illinois, which envelope was addressed to

Saxon Mortgage Inc.
4880 Cox Road
Glen Allen, Virginia 23060
UPS Tracking number 1Z6E16910190852838;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT NINE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 19 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

2.     On or about January 12, 2004, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK, and
ARMANI D'AIFALLAH

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate courier, an envelope containing a check in the amount of $187,364.68 to payoff the previous mortgage on the property located at 5921 South Campbell, Chicago, Illinois, which envelope was addressed to

Central Loan Administration
Payoff Dept.
425 Phillips Blvd
Ewing, New Jersey 08618
UPS Tracking number 1Z6E16910199687911;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TEN

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 20 of Count One of this Indictment are hereby realleged and incorporated herein by reference.

2.     On or about October 28, 2004, at Chicago, in the Northern District of Illinois, and elsewhere,

ROBERT BRUNT,
TRACEY SCULLARK,
ARMANI D'AIFALLAH, and
WALTER JACKSON,

defendants herein, knowingly caused to be delivered by United Parcel Service ("UPS"), a commercial interstate courier, an envelope containing mortgage and closing documents for the purchase of property located at 6715 South Eberhart, Chicago, Illinois, which envelope was addressed to

Closing Dept.
800 435 9922
Chase Manhattan Mortgage Corp
3rd Floor North
300 Tice Boulevard
Woodcliff Lake, NJ 07677-8406
UPS Tracking number 1Z6E16910190043355;

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATION

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.      The allegations of Counts One through Ten of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.      As a result of their violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in the foregoing Indictment,

ARMANI D'AIFALLAH,<br>
ROBERT BRUNT,<br>
TRACEY SCULLARK,<br>
JOHN FARANO, and<br>
WALTER JACKSON

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property, real and personal, involved in the mail fraud and wire fraud offenses, and traceable to the property involved in the offenses, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

3.      The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include, but are not limited to, the following:

a.    $4.2 million in United States currency,

b.    all funds contained in account number xxxxxxx610 at J.P. Morgan Chase Bank (formerly American National Bank),

c.    UNIT 12 IN FULTON COURT CONDOMINIUM AS DELINEATED ON THE SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:

THAT PART OF LOTS 12 TO 22, LYING ABOVE A HORIZONTAL PLANE OF 22.23 FEET ABOVE CHICAGO CITY DATUM IN BLOCK 62 IN CANAL TRUSTEES SUBDIVISION OF PART OF THE SOUTHWEST QUARTER OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, TAKEN AS A TRACT, DESCRIBED AS FOLLOWS: COMMENCING AT THE NORTHEAST CORNER OF SAID TRACT; THENCE NORTH 89°59'58" WEST ALONG THE NORTH LINE OF SAID TRACT 43.71 FEET TO THE POINT OF BEGINNING; THENCE SOUTH 00°00'00" WEST 87.44 FEET TO THE NORTH LINE OF THE SOUTH 82.50 FEET OF SAID TRACT; THENCE NORTH 90° WEST ALONG THE NORTH LINE OF THE SOUTH 82.50 FEET AFORESAID 208.54 FEET; THENCE NORTH 00°00'00" WEST 87.47 FEET TO THE NORTH LINE OF SAID TRACT; THENCE SOUTH 89°59'58" EAST ALONG SAID NORTH LINE 208.54 FEET TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

(HEREINAFTER REFERRED TO AS THE "PARCEL") WHICH SURVEY IS ATTACHED AS EXHIBIT "C" TO THE ADD-ON DECLARATION OF CONDOMINIUM MADE BY GARAGE, L.L.C. AND RECORDED APRIL 3, 2000 IN THE OFFICE OF THE RECORDER OF DEEDS OF COOK COUNTY, ILLINOIS AS DOCUMENT NUMBER 00230045, (ORIGINAL DECLARATION RECORDED FEBRUARY 22, 2000 AS DOCUMENT NUMBER 00128664) TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS AS AMENDED FROM TIME TO TIME (EXCEPTING FROM SAID PARCEL ALL THE

PROPERTY AND SPACE COMPRISING ALL THE UNITS THEREOF AS DEFINED AND SET FORTH IN SAID DECLARATION AND SURVEY).

P.I.N.: 17-09-308-004-1012, commonly known as: 640 West Fulton Street, Unit E, Chicago, Illinois

4.      By virtue of the commission of the offenses charged in Counts One through Ten of this Indictment by the defendants, all right, title or interest that defendants have in the above-described property is vested in the United States and hereby forfeit pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

5.      If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred to, sold to, or deposited with a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p) as incorporated by Title 18, United

21

States Code, Section 982(b)(1) and Title 18, United States Code, Section 981(a)(1)(C), and

Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c).

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY