# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **United States of America,** | ) | Case No: 07 CR 853-4 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| **John Farano,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court grants the government's motion for a garnishment order [848]. The government is directed to submit to the Court's proposed order inbox a draft proposed order no later than August 7, 2015.

## STATEMENT

The Court assumes familiarity with the background facts of the case and its procedural history. The government moves for entry of a garnishment order pursuant to a purported settlement agreement with Third-Party Respondent Patrick Doherty, who, the government asserts, agreed to resolve a citation to discover assets that had been issued as to him personally and as representative of F&D Services, Inc. for $150,000.00.

"Under Illinois law an oral settlement agreement is enforceable if 'there is offer, acceptance, and a meeting of the minds as to the terms.'" *TRT Transp., Inc. v. Aksoy*, 506 F. App'x 511, 513 (7th Cir. 2013) (citation omitted). The government issued to Mr. Doherty a citation to discover assets owned by defendant John Farano in its efforts to collect on a July 11, 2012 judgment entered against Farano in this case. Mr. Doherty filed an affidavit in response claiming that he had been the sole owner of F&D Services, Inc. for the past three years and had "no information or knowledge of John Farano, Jr.'s assets." (Dkt. # 844, Ex. C, Doherty Aff., ¶ 2.) A deposition on the citation followed. Near the beginning of the deposition, the government attorney advised Mr. Doherty that:

> at this point in time, if you would agree to a turnover order of $150,000, we would cease this examination right now. The government would draft up a motion for a turnover order – an agreed motion for $150,000 and that would be the end of this matter. Do you understand that[?]

(Gov't's Reply, Dkt. # 855, at Page 17 of 53.) After the parties went off the record, the examination continued, during which Mr. Doherty agreed that he and Farano owned or had owned a company called F&D Services, Inc. (Gov't's Reply, Dkt. # 855, at Page 41 of 53.) Subsequently, the government questioned Mr. Doherty about an order he sought to have entered in Farano's divorce

proceeding indicating that Farano owned a 50% interest in F&D Services, Inc. Mr. Doherty then stated that he wanted to "just resolve this now and just be done with it because it's too convoluted. We can resolve this and just be done." (*Id*. at Page 35 of 53.) After some additional questions and a bathroom break by Mr. Doherty, the government attorney asked Mr. Doherty:

> Q. Mr. Doherty, you had a request to somehow end this matter?
>
> A. Yes. I request to withdraw my affidavit. Now that you have shown me the paperwork, I did make a mistake. I was wrong and now –
>
> Q. You are trying to [correct] the mistake . . . right now?
>
> A. I am trying to correct the mistake right now. Anything I said previously – after showing me this paperwork, it says – it does mean that I made a mistake and the even though the corporation was in my name only, [Farano] may have had – he may have had some of --

(*Id*. at Page 40 of 53.) The government attorney then asked about the receipt by F&D Services, Inc. of $300,000.00 over the preceding twelve months, which Mr. Doherty characterized as a "return of investment." Mr. Doherty then stated "to resolve this, I'm willing to have $150,000, but in reality, I had two-thirds interest in that property." (*Id*. at Page 41 of 53.) The government attorney responded: "But in order to resolve this matter, you're willing to agree to a turnover order for $150,000; is that correct?" (*Id.*) Mr. Doherty responded, "Yes." (*Id*.)

The Court finds based on the above statements that an oral agreement to settle the citation to discover assets was created. The government offered to settle the matter for $150,000.00 and would agree to stop the examination and end the citation as to Mr. Doherty. Mr. Doherty, a licensed attorney, admitted that he had made a mistake in his earlier affidavit in stating that he was the sole owner of F&D Services, Inc. and had no knowledge of Farano's assets and thus sought to withdraw the affidavit, subsequently indicated that he wanted to "resolve this now" and "just be done with it," and stated that in order to resolve the matter, he would agree to a turnover order being entered in the amount of $150,000.00. The Court finds offer, acceptance, and a meeting of the minds, as well as consideration. Accordingly, the Court grants the government's motion for a garnishment order.

**Date**: August 5, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**